,UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPHUS MITTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 19-cv-4145-MMM |
| | ) | |
| JENNIFER BLASING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff is a civil detainee at the Rushville Treatment and Detention Center who is proceeding *pro se*, after having paid the full filing fee. Plaintiff has filed a complaint and, incorporated into the complaint, a request for injunctive relief. The Court will direct the Clerk to file [ECF 1 pp. 4-5] as a separate document titled "Motion for Preliminary Injunction." The Court now undertakes a review of the complaint, accepting the factual allegations as true and liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

On April 26, 2019, Plaintiff was transferred from the Graham Correctional Center ("Graham") to Rushville where he is civilly detained under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff has, for an undisclosed amount of time, suffered from Mycosis fungoides cancer, a cutaneous T-cell lymphoma which "generally affects the skin, but may progress internally over time".[1] Plaintiff indicates that since 2010 and while at Graham, he received treatment from an outside dermatologist. He last saw the dermatologist on

---

[1] https://en.wikipedia.org/wiki/Mycosis_fungoides.

March 18, 2019, at which time the specialist recommended that he follow-up with another dermatologist after his transfer.

When Plaintiff arrived at Rushville, he was seen by Defendant Dr. Marcowitz who agreed that he should be seen by a specialist. Defendant Marcowitz told Plaintiff that he would obtain the hospital records and submit a referral recommendation to Wexford. On May 5, 2019, Plaintiff submitted a request for treatment to Defendant Blasing, the Director of Nursing. He was thereafter told by Defendants Markowitz, Blasing, Jones and Fisher that they could not treat him until they had received his medical records. Plaintiff claims that in the interim, he is not receiving his previously prescribed light therapy and that his medications have run out.

Plaintiff indicates, further, that Defendant Jones, a Medical Administrative Assistant, and member of the Collegial Board, has failed to authorize referral to an outside specialist. Plaintiff claims, without detail or explanation, that Defendants Marcowitz, Blasing, Fisher and Jones have made a decision to provide him "non-medical treatment."

Plaintiff has not included a prayer for relief with his complaint though he has incorporated the motion requesting injunctive relief. He has also attached to his complaint 23 pages of documents which include medical records and grievances. These exhibits were not reviewed in the drafting of this merit review order. *Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (not reviewing attachments to complaint). "A number of the exhibits are copies of petitioner's inmate grievances and prison officials' responses to them, none of which are necessary to the complaint."

Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Civilly committed sex offenders such as Plaintiff have a Fourteenth Amendment

right to adequate medical care. *Smego v. Payne*, 469 Fed.Appx. 470, 474 (7th Cir. 2012). To successfully plead deliberate indifference to a serious medical need, Plaintiff must allege that Defendants' conduct was objectively, rather than subjectively, unreasonable. In other words, that Defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

Here, Plaintiff alleges that he has cancer which, without treatment, can worsen and spread to other parts of the body. He claims that Defendants have failed to provide him medication and light treatment or refer him to a dermatologist. It is not clear, however, that Nursing Director Blasing had the authority to order the treatment or the referral. The same applies to Defendant Jones. While Plaintiff faults her for not providing the outside referral, it is not clear that in her role as a Medical Administrative Assistant on the Collegial Board, she had the authority to do so. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002) (defendant not liable for delays not within his control). *See also, Lambert v. Adler*, 578 Fed.Appx. 976, 978 (7th Cir. 2014) (individual who did not control committee, not personally responsible for its actions).

While Plaintiff also implicates Defendant, Dr. Fisher, he has not pled any particulars as to this Defendant. He does not claim that he spoke with Defendant Fisher, or that Defendant was aware of his underlying condition or the alleged lack of treatment. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be

deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to plead a colorable claim against Defendant Fisher.

Here, Plaintiff states a colorable claim only as to Defendant Marcowitz who, by his own admission, had the authority to request referral to a specialist. As Plaintiff has not included a prayer for relief but included a request for a preliminary injunction, the claim shall proceed against Defendant Markowitz for injunctive relief only. If Plaintiff seeks declaratory relief or compensatory and punitive damages, he must file an amended complaint requesting this relief.

Plaintiff will be given 30 days in which to replead as to the other Defendants, should he wish. If he does not do so, and does not amend, this claim will proceed against Defendant Markowitz seeking injunctive relief.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint will proceed on the deliberate indifference claim asserted against Defendant Markowitz, requesting injunctive relief. Defendants Blasing, Fisher and Jones are DISMISSED, though Plaintiff will be given an opportunity, within 30 days, to replead his claims against them. If Plaintiff files an amended pleading is to be captioned Amended Complaint and it is to include a prayer for relief. The amended complaint must contain all of Plaintiff's claims against Defendants without reference to a prior pleading. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  The Clerk is directed to file [ECF 1 pp. 4-5] as a separate document titled "Motion for Preliminary Injunction."

3. Plaintiff's Motions for Status [ECF 3, 4 and 5] are rendered MOOT.

4. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendant shall file an answer within the time prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES AND**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

10/25/2019                          s/Joe Billy McDade
ENTERED                          JOE BILLY McDADE
                                 UNITED STATES DISTRICT JUDGE