# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPHUS MITTS, | ) |
|        Plaintiff, | ) |
| v. | ) No.: 19-cv-4145-MMM |
| DAVID MARCOWITZ, | ) |
|        Defendant. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff is a civil detainee at the Rushville Treatment and Detention Center who is proceeding *pro se*, after having paid the full filing fee. The Court had issued a merit review order of Plaintiff's initial complaint, allowing him to proceed on a claim of deliberate indifference against Defendant physician Markowitz. It was noted, however, that Plaintiff had not included a prayer for relief in his initial complaint though he had requested injunctive relief, which was decided in the Court's order of December 12, 2019. Plaintiff was instructed that if he wished to request other types of relief, he was to file an amended complaint.

Plaintiff has filed an amended complaint which the Court now reviews, accepting the factual allegations as true and liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff has, for a number of years, suffered from mycosis fungoides cancer, a cutaneous T-cell lymphoma which "generally affects the skin, but may progress internally over time".[1] Plaintiff reiterates the claim of his initial complaint that Rushville physician, Defendant Dr. Markowitz, failed to adequately treat him and timely refer him to a mycosis fungoides specialist after he was transferred from the Graham Correctional Center to Rushville .

---

[1] https://en.wikipedia.org/wiki/Mycosis_fungoides.

1

In evaluating the initial complaint, the Court noted that as Plaintiff is a civil detainee, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. It, further noted, that to successfully plead deliberate indifference to a serious medical need, Plaintiff must allege that Defendants' conduct was objectively, rather than subjectively, unreasonable. In other words, that Defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

The Court determined that Plaintiff had stated a colorable claim of deliberate indifference as to Defendant Marcowitz. Plaintiff reiterates that same claim here and, in addition, requests declaratory relief as well as compensatory and punitive damages. Plaintiff also makes a bare claim that he wishes to be free from any retaliation or harassment but does not plead any retaliation or harassment. As a result, this claim is not given further consideration.

**IT IS THEREFORE ORDERED:**

Plaintiff's deliberate indifference claim against Defendant Markowitz will proceed, as previously indicated. As Defendant Markowitz has already been served, the clerk need not take further action in this regard.

4/13/2020  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE